IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JOSE VIRGEN-PRECIADO,<br><br>  Defendant. | No. CR 04-1518-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Indictment Based on Due Process Violations in Removal Proceedings [Doc. # 36]. The Government has filed a Response. The parties presented oral argument on March 10, 2006, and the government has submitted prior conviction documents to the Court on March 24, 2006. Defendant submitted a document labeled "Convicted False Data" and "True Convictions" on or about March 29, 2006.

The indictment in this case alleges that Defendant Jose Virgen-Preciado ("Virgen-Preciado") was removed from the United States on or about July 24, 2003, through San Ysidro, California. Virgen-Preciado asserts, however, that the removal was defective in that it failed to comply with due process of law as required by the Constitution of the United States. Specifically, Virgen-Preciado was not advised of his right to seek "fast track voluntary departure" under 8 U.S.C. § 1229c. A review of the transcript of the July 23, 2003, removal proceeding [Doc. # 45] indicates that Virgen-Preciado was not advised of his right to "fast track voluntary departure."

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir. 1998), *cert. denied*, 525 U.S. 849, 119 S.Ct. 123, 142 L.Ed.2d 99 (1998)[1]. "A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004), *citing United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) ("Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding.").

A collateral attack of a deportation order requires that an alien demonstrate:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). "An underlying removal order is 'fundamentally unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.' *Ubaldo-Figueroa*, 364 F.3d at 1048, *quoting Zarate-Martinez*, 133 F.3d at 1197.

Virgen-Preciado asserts that he was not advised of his right to a "fast track voluntary departure" which would have permitted Virgen-Preciado to avoid a deportation. The Ninth Circuit Court of Appeals has held that where an immigration judge fails to advise an alien in removal proceedings that he is eligible for a fast tract voluntary departure under 8 U.S.C. § 1229c(a)(1), the removal proceedings are fundamentally unfair. *United States v. Ortiz-Lopez*, 385 F.3d 1202 (9th Cir. 2004). The transcript makes clear that Virgen-Preciado was

---

[1]*Zarate-Martinez* was implicitly overruled on other grounds. *United States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1105 (9th Cir. 2003); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1097 n. 5 (9th Cir. 2004).

not advised that he might be eligible for a fast tract voluntary departure.

However, if Defendant was not eligible for a fast tract voluntary departure, the lack of notice to him does not make his removal proceedings fundamentally unfair:

> Relief from removal under § 1229c(a) is categorically barred to two classes of aliens: those involved in terrorism-related activity . . . and those "deportable under section 1227(a)(2)(A)(iii)," which in turn means those "convicted of an aggravated felony at any time after admission."

*Ortiz-Lopez*, 385 F.3d at 1205 n. 3, *quoting* 8 U.S.C. §1229c(a)[2]; § 1227(a)(2)(A)(iii).

The government, in its Response, refers to convictions that would make Virgen-Preciado ineligible for voluntary departure, but provides no statutory references. 8 U.S.C. § 1101(a)(43) lists those offenses that are considered "aggravated felonies". On March 24, 2006, the Government filed "Prior Documents" [Doc. # 62]. These documents include copies regarding a 1979 conviction for aiding and abetting aliens in eluding and examination and inspection, a 1989 conviction for forgery, and a 1992 conviction for possession of a controlled substance.

Voluntary departure is not available if an alien is convicted of an offense described in paragraph (1)(A) of section 1324(a). 8 U.S.C. § 1101(a)(43)(N). This includes aiding and abetting illegal entry. 8 U.S.C. 1324(a)(1)(A)(v)(II). Virgen-Preciado's 1979 conviction for aiding and abetting illegal entry, therefore, would have made Virgen-Preciado ineligible for voluntary departure. However, the documents submitted by the Government do not include any certified copies of any prior convictions. *See* 8 U.S.C. § 1229a(c)(3)(B) (a "certified copy" of a record of conviction constitutes proof of conviction for purposes of removal proceedings); 8 C.F.R. § 1003.41 (certification requirement is satisfied if a copy of a record is "attested in writing by an immigration officer to be a true and correct copy of the original).

On or about March 29, 2006, Virgen-Preciado submitted a statement regarding "convicted false data" and "true convictions." Although this statement asserts that the 1992 conviction for possession of a controlled substance is false, Virgen-Preciado does not contest

---

[2] The terrorism-related activity prevents eligibility for voluntary departure pursuant to 8 U.S.C. § 1227(a)(4)(B). 8 U.S.C. § 1229c(a)(1).

- 3 -

1  the 1979 conviction for aiding and abetting aliens. To successfully collaterally attack his
2  underlying deporation, Virgen-Preciado must show that the entry of the order was
3  fundamentally unfair. 8 U.S.C. § 1326(d). That includes a showing that Virgen-Preciado
4  suffered prejudice as a result of any defects. *Ubaldo-Figueroa*, 364 F.3d at 1048. Virgen-
5  Preciado, by failing to even allege that he was not previously convicted of aiding and
6  abetting illegal entry, cannot show that he suffered prejudice as a result of the defects.

7        The Government also asserts that the Virgen-Preciado's criminal history barred him
8  from eligibility for voluntary departure because he could not establish good moral character
9  within five years immediately preceding the removal hearing. 8 U.S.C. § 1229c(b)(1)(B).
10 A person is not of good moral character if he is a habitual drunkard, a prostitute or procures
11 prostitution, an alien smuggler, a previously removed alien, receives the majority of his
12 income from illegal gambling, has been convicted of two or more gambling offenses, has
13 given false testimony to receive benefits under immigration and nationality chapter, has been
14 confined in prison for 180 days or more, has been convicted of an aggravated felony or was
15 a Nazi. 8 U.S.C. § 1101(f).

16       Here, the testimony provided by Virgen-Preciado at the July 23, 2003, hearing
17 established that Virgen-Preciado had been sentenced to a term of 27 months for the offense
18 of illegal re-entry after deportation. Virgen-Preciado also admitted that he had been
19 sentenced to a term of 36 months for forgery. In other words, Virgen-Preciado had been
20 confined in prison for 180 days or more. Moreover, Virgen-Preciado's testimony also
21 established that he had previously been removed. Virgen-Preciado would not have been able
22 to establish good moral character. 8 U.S.C. § 1229c(b)(1)(B). Therefore, Virgen Preciado
23 cannot show that he suffered prejudice as a result of the defects.

24       The Government also asserts that Defendant's collateral attack must fail because he
25 has failed to exhaust his administrative remedies. An alien is barred under 8 U.S.C. §
26 1326(d) from collaterally attacking his underlying removal order as a defense to § 1326
27 charges "if he validly waived the right to appeal that order during the deportation
28 proceedings." *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001), *cert.*

*denied*, 534 U.S. 879, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001). The exhaustion requirement of 8 U.S.C. § 1326(d), however, "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." *Id*. at 1183-84. A waiver of the right to appeal a removal order does not comport with due process when it is not "considered and intelligent." *Id*. It is "mandatory" under the Due Process Clause that an Immigration Judge inform an alien of his or her ability to appeal a removal order during a removal proceeding. *Ubaldo-Figueroa*, 364 F.3d at 1048, *citing United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998). Here, the Immigration Judge did advise Virgen-Preciado of his right to appeal. However, if Virgen-Preciado was eligible for voluntary departure, "he would be 'exempted from the exhaustion requirement . . . because the IJ did not inform him that he was eligible for relief from removal.'" *Ortiz-Lopez*, 385 F.3d at 1204 n. 2, *quoting Ubaldo-Figueroa*, 364 F.3d at 1049. In other words, if Virgen-Preciado should have been advised of his right to a voluntary departure, his lack of appeal does not invalidate this collateral attack. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). However, because Virgen-Preciado was not eligible for voluntary departure, he is not exempted from the exhaustion requirement.

Accordingly, IT IS ORDERED Virgen-Preciado's Motion to Dismiss Indictment Based on Due Process Violations in Removal Proceedings [Doc. # 36] is DENIED.

DATED this 14th day of April, 2006.

_____
Cindy K. Jorgenson
United States District Judge