IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSE VIRGEN-PRECIADO, ) <br> ) <br> Defendant. ) <br> ) | No. CR 04-1518-TUC-CKJ <br><br> **ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Indictment for Speedy Trial Act Violation [Doc. # 103]. The government has filed a response and Defendant has filed a reply. Oral argument was presented to the Court on September 7, 2006.

*Procedural Background*

Jose Virgen-Preciado ("Virgen-Preciado") was arrested on June 26, 2004, had his initial appearance on June 28, 2004, and was ordered detained. Virgen-Preciado was indicted on July 21, 2004, and charged with one count of Re-Entry after Deportation in violation of 8 U.S.C. § 1326. Virgen-Preciado was arraigned on July 29, 2004, and this matter was set for trial on September 21, 2004.

On or about September 9, 2004, the court granted defense counsel's motion to continue trial because additional time was needed to negotiate a plea agreement. On or about October

1  20, 2004, the court granted another motion to continue trial filed by defense counsel because
2  additional time was needed to negotiate a plea agreement.

3  This matter was set for a possible change of plea on November 23, 2004. That matter
4  was vacated.

5  On November 16, 2004, new defense counsel was appointed at the request of Virgen-
6  Preciado.

7  On December 3, 2004, the Court granted another motion to continue trial filed by
8  defense counsel.

9  On December 20, 2004, current defense counsel was appointed.

10  On February 23, 2005, May 4, 2005, July 16, 2005, September 16, 2005, December
11  8, 2005, February 7, 2006, and April 4, 2006, the Court granted additional motions to
12  continue trial filed by defense counsel.

13  Numerous other motions were filed by defense counsel in April and May of 2005.
14  These issues were resolved on March 10, 2006, and April 14, 2006. On March 10, 2006,
15  defense counsel asked that a speedy trial report be provided by the Clerk of the Court. The
16  Court granted that request.

17  On March 21, 2006, defense counsel filed a Motion to Suppress. On April 18, 2006,
18  Virgen-Preciado filed a motion *pro per* requesting a speedy trial without any further court
19  continuances. He did not ask that his case be dismissed. These motions were heard on May
20  5, 2006, and the Court accelerated the trial date to June 6, 2006, in response to Virgen-
21  Preciado's request for a speedy trial.

22  On June 6, 2006, the day the trial commenced, defense orally moved to dismiss the
23  case on the basis of a Speedy Trial Act violation referencing a case issued by the United
24  States Supreme Court the day before.[1] The Court denied the motion without prejudice.

---

[1] The case is *Zedner v. United States*, — U.S. — , 126 S.Ct. 1976, 164 Led.2d 749 (2006).

1  Immediately thereafter, the jury panel was sworn in and *voir dire* began. On June 7, 2006,
2  Virgen-Preciado was convicted of Re-Entry after Deportation.

*Speedy Trial Act*

"The Speedy Trial Act of 1974 establishes specific time limits for completing the key stages of a federal criminal prosecution." *Speedy Trial*, 90 Geo.L.J. 1454, 1462-63 (2002); *see also* 18 U.S.C. §§ 3161-3174. "The purpose of the Act is to protect defendants' constitutional right to speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." 90 Geo.L.J. at 1462-63, n. 1193. The right to a speedy trial is different from other constitutional rights "because there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." 9 Fed.Proc., L.Ed. § 22:1247. A "defendant bears the burden of proving a violation of the Act, but the government has the burden of producing evidence concerning an exclusion of time under § 3161(h)(3). 90 Geo.L.J. at 1474, n. 1218. A defendant may not waive the application of the Act be either consent or waiver. *Zedner*, 126 S.Ct. at 1984.

The Ninth Circuit Court of Appeals has found that "[n]egotiation of a plea bargain is not one of the factors supporting exclusion provided in section 3161(h)(8)(B)." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). That court has also held that a defendant who stipulates to a continuance to pursue plea negotiations does not waive the protections of the Speedy Trial Act. *United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000). Recently the court stated the "Circuit has held that plea negotiations are not excludable under the catch-all "ends of justice" category of the Speedy Trial Act[.]" *McNeely v. Blanas*, 336 F.3d 822, 828, n. 7 (9th Cir. 2003); *but see United States v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000) ("there may be good reasons for allowing the need for plea negotiations to factor into the 'ends of justice' analysis"). Although some unpublished cases may indicate that a defendant may not agree to a continuance and then use that continuance as a sword, the precedent before the Court, including the recent *Zedner* case,

and the parties' agreement that the Speedy Trial Act was violated support this Court's conclusion that the Speedy Trial Act was violated.[2]

*Timeliness of Motion – Waiver*

A defendant who does not timely request a dismissal for a Speedy Trial Act violation waives the right. *United States v. Brickey*, 289 F.3d 1144 (9th Cir. 2002) (defendant who fails to move for dismissal prior to trial or entry of guilty plea or nolo contendere waives the right to dismissal under the Speedy Trial Act). The government asserts that the factual circumstances of this case is similar to *United States v. Berberian*, 851 F.2d 236 (9th Cir. 1985). In *Berberian*, an oral request for dismissal was made on the first day of trial. Similarly, defense counsel orally requested a dismissal in this matter on the first day of trial.

Although defense counsel's oral motion was technically made "before trial," counsel cannot wait until the eve of trial to assert a speedy trial violation under the facts of this case. In *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997), the court stated that defense counsel's request for a dismissal ten days before trial (where trial commenced 551 days after initial appearance) was an attempt to "sandbag" the district court and denial of the motion to dismiss was appropriate. Similarly, defense counsel moved for a dismissal of this matter more than 18 months after continuances were granted at the request of previous defense counsel in violation of the Speedy Trial Act. Defense counsel did not state any facts or legal basis to provide the Court with a basis to consider the merits of the motion prior to trial. *See e.g., United States v. Brown*, 761 F.2d 1272, 1277 (9th Cir. 1985) (passing reference to the Speedy Trial Act did not adequately present issue to the court). All of the briefing was done after the trial which is contrary to the Speedy Trial Act's requirement that the motion be

---

[2]The government relies on two cases purportedly decided by the Ninth Circuit to support their argument that, despite the Speedy Trial Act violation, dismissal is not appropriate. The Court notes that those cases were decided by other circuits. *See United States v. Pringle*, 751 F.2d 419 (1st Cir. 1985) and *United States v. Westbrook*, 119 F.3d 1176 (5th Cir. 1997).

- 4 -

1  brought before trial.  Obviously, this requirement is to prevent a scenario such as this one –
2  a completed trial on the merits with a pending motion to dismiss.  The Court, faced with a
3  last minute motion the morning of trial, improvidently stated without adequate consideration
4  after denying the motion, that the motion could be supplemented post-trial "if in fact that is
5  allowable under current case law."  After full briefing, this Court finds that an oral motion
6  with no supporting facts or legal authority regarding the Speedy Trial Act does not
7  adequately present the issue to the Court.  Rather, a motion to dismiss pursuant to the Speedy
8  Trial Act must present the factual and legal basis for relief prior to trial.  Although the Court
9  permitted defense counsel to supplement his motion, the Speedy Trial Act does not provide
10 an exception to the requirement that a timely motion be made prior to trial.  *Brickey*, 289 F.3d
11 at 1150.  The defense, in effect, attempted to preserve an issue to litigate post-trial which can
12 only be raised pre-trial.

13       The defense relies on *United States v. Hall*, 181 F.3d 1057 (9th Cir. 1999), and *United
14 States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997), for the assertion that Virgen-Preciado has
15 adequately preserved this issue.  However, in *Hall*, the defendant had filed a motion dismiss
16 and the Court of Appeals found that the issue was preserved until the motion was ruled upon.
17 Similarly, in *Lloyd*, defendant's counsel and co-defendant each filed a motion to dismiss that
18 remained pending at the time of trial – the trial court ruled on the pending motions on the day
19 the trial was set to begin.  In his case, Virgen-Preciado did not file a motion to dismiss on
20 April 18, 2006.  Virgen-Preciado's pleading was a request for a speedy trial and a request that
21 no further continuances be granted.  The Court addressed Virgen-Preciado's requests by
22 accelerating the trial date.  There was no motion, let alone a motion to dismiss, that remained
23 pending.  Rather, defense counsel's oral motion on the day of trial did not refer to an alleged
24 prior motion to dismiss, was made without adequate legal or factual basis, and failed to
25 comply with the timeliness requirement of the Speedy Trial Act.  18 U.S.C. § 3162(a)(2).
26 The Court finds Virgen-Preciado waived his right to dismissal under the Speedy Trial Act.
27       Accordingly, IT IS ORDERED:
28       1.      The Motion to Dismiss [Doc. # 103] is DENIED, and;

- 5 -

1  2.   The sentencing scheduled for November 29, 2006, at 9:45 a.m. is
2  CONFIRMED.
3  DATED this 16th day of October, 2006.

```
                              _____
                                   Cindy K. Jorgenson
                                United States District Judge
```